Barnard, P. J.
The point taken by the appellant that-the papers do not show insolvency in the defendant’s company, is not well supported by the evidence.
This company is a consolidated company, made up of different corporations, having their situs in different states. Parts of the road are situated in New York and parts of it-in the state of Pennsylvania.
The consolidated company executed a mortgage upon the - road, and that was foreclosed in the state of New York. That judgment resulted in a sale, and the purchaser has entered into possession of the road.
There was a deficiency of over a million of dollars. The-courts of Pennsylvania have decided that this mortgage was. *857 invalid as to that part of the road which is in the state of Pennsylvania.
The Yew York judgment is pending an appeal, and undetermined. It is claimed that if the appellant succeeds, the road is not insolvent, because such a decision will destroy the mortgage debt. It will not do so necessarily, if the judgment in Yew York is reversed and the mortgage held invalid. The invalidity consists in the fact that more stock was issued than the aggregate stock of the company which formed the whole. A company which obtains money by loan could not destroy the debt in that way.
The debt will remain as an unsecured debt. The papers show, therefore, a clear case of insolvency.
The next objection raised by the appellant seems also to-be ill founded. By chapter 373, Laws of 1883, applications for a receiver of an insolvent corporation shall be made to the judicial district in which the principal business office of the company is located at the commencement of the action, or in a county adjoining such district.
The principal place of business is fully proved to have-been in the county of Yew York.
_ By the articles of merger it is declared that “ the principal office ” of the corporation “ shall be in the city of Yew York.” The laws of the consolidated company provide for meetings of stockholders “ at the principal business office of the company in the city of Yew York.”
The corporation reports to the railroad commissioners that the “general office of the company is in Yew York.” The book of transfer, all the stock books, and the accounts of all receipts and disbursements were kept in the Yew York office.
_ The directors were elected in that office, styled in the certificate “the office of the company.”
It appears that there is an office in Rochester where the operation of the road is conducted.
The evidence in favor of the Yew York office being the principal business office of the company seems to be conclusive. The certificate which fixes Yew York as being the place of the principal office, also designates the other offices to be subject thereto—one in Pennsylvania and one in Rochester. The words are: “It shall also have an office in the city of Rochester and one in Brookville, state of Pennsylvania.”
Assuming a principal office in Yew York, there is nothing to justify a change therefrom, disclosed by the papers. It ’ was the same place at the commencement of the action where it had been before.
An objection to the person who is appointed receiver by the order is proper to be considered on this appeal.
The papers are not addressed to the personality of a re *858 ceiver, and no opportunity has been given to the receiver appointed to meet any charges against him.
The objection suggested is merely that he is too hostile to the corporation and too strong a partisan of the plaintiff’s claim. A receiver must rest on the facts of his case, and a strong feeling in favor of the action constitutes no objection to a receiver.
The order should be affirmed, with costs ..and disbursements.
Dykman, J., concurs; Pratt, J., not sitting.